JUDITH L. CARLISLE, State Bar No. 88046
FAVARO, LAVEZZO, GILL, CARETTI & HEPPELL
A Professional Corporation
Courthouse Plaza, Suite A
300 Tuolumne Street
Vallejo, California 94590
Telephone: (707) 552-3630
Facsimile: (707) 552-8913

Attorneys for Defendant,
JOSEPH MESSINA, individually
and as trustee of the Messina Trust

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FERNANDES,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH MESSINA,<br>    Defendant. | Case No. C 07-3513 EDL<br><br>**ANSWER OF JOSEPH MESSINA**<br><br>**JURY REQUESTED** |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, JOSEPH MESSINA (hereinafter "MESSINA") and files his Answer to Plaintiff's original Complaint and would respectfully show the Court the following:

### FIRST DEFENSE

This Court lacks jurisdiction to hear some or all of the claims alleged in Plaintiff's Complaint because Plaintiff has failed to satisfy the jurisdictional prerequisites and/or procedural requirements of the Americans with Disabilities Act (hereinafter "ADA"), 42 USC §12117, which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e-5.

///

**SECOND DEFENSE**

Plaintiff's original Complaint fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**FOURTH DEFENSE**

Defendant acted in good faith at all relevant times.

**FIFTH DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrine of unclean hands.

**SIXTH DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

**SEVENTH DEFENSE**

Plaintiff was not damaged in the manner or to the extent alleged in the Complaint.

**EIGHTH DEFENSE**

Plaintiff is not entitled to some or all of the damages claimed in the Complaint.

**NINTH DEFENSE**

The cause of Plaintiff's damages as alleged in the Complaint are wholly unrelated to or were not proximately caused by any act or omission by Defendant.

**TENTH DEFENSE**

Any harm, damage or injury suffered by Plaintiff is due to his own negligence and actions.

**ELEVENTH DEFENSE**

The removal of barriers by Defendant was not readily achievable under the standards of the ADA or California law.

**TWELFTH DEFENSE**

The building, which is the alleged site of Plaintiff's injury, was constructed prior to July 1, 1982 and all alterations, if any, made to the building after July 1, 1982 complied with the access requirements of Title 24, California Code of Regulations and the ADA.

### THIRTEENTH DEFENSE

Plaintiff has not suffered any damages attributable to the actions of Defendant.

### FOURTEENTH DEFENSE

As further defense, if necessary, Defendant will show that Plaintiff has failed to mitigate his damages, if any.

### FIFTEENTH DEFENSE

As further defense, if necessary, Defendant will show that it has made a reasonable accommodation or in the alternative any reasonable accommodation will impose an undue hardship on Defendant.

### SIXTEENTH DEFENSE

Plaintiff is not "disabled" within the meaning of the ADA, 42 USC §12101, et seq.

### ANSWER

Defendant answers the specific paragraphs of the Plaintiff's original Complaint as follows:

### FIRST CAUSE OF ACTION

**Damages and Injunctive Relief for Denial of Full and Equal Access to a Public Accommodation: Public Facilities at a Restaurant**
**(California Civil Code §51 and §54.1)**

1.  Answering Paragraph 1 of the Complaint, this answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained therein.

2.  Answering Paragraph 2 of the Complaint, Defendant JOSEPH MESSINA admits the allegations contained therein.

3.  Answering Paragraph 3 of the Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained therein.

4.  Answering paragraph 4 of the Complaint, Defendant is without sufficient

knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained therein and specifically denies that this Court has jurisdiction of Plaintiff's suit under the statutes referenced therein.

5. Responding to paragraphs 5 and 6 of the Complaint, this answering Defendant admits that the Restaurant is located in Clayton, Contra Costa County, California. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraphs 5 and 6 of Plaintiff's Complaint, and on that basis denies each and every remaining allegation contained therein.

6. This answering Defendant admits the allegations of paragraph 7 of the Complaint.

7. Responding to Paragraph 8 of the Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained therein.

8. Responding to Paragraph 9 of the Complaint, this answering Defendant states that he is the trustee of the Amendment and Restatement of Trust "A" of the Joseph Messina and Millie Messina Family Trust under a declaration dated August 15, 2006, (hereinafter "Messina Trust"), which such trust is owner and lessor of the improved real property where the Restaurant is located. This answering Defendant specifically denies that he is the agent, employee or representative of any of the other Defendants named herein. This answering Defendant further denies that either he or the Messina Trust own, operate, manage or is lessee of the business carried on at the Restaurant. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 9 of Plaintiff's Complaint, and on that basis denies each and every remaining allegation contained therein

9. Responding to Paragraphs 10 and 11 of the Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of

the allegations contained therein, and on that basis denies each and every allegation contained therein.

10. Responding to Paragraph 12 of the Complaint, this answering Defendant specifically denies that the Restaurant was constructed after July 1, 1982. Defendant admits on information and belief that some alterations to the Restaurant occurred after July 1, 1982 and is informed and believes that to the extent required by law those alterations were completed in compliance with all applicable codes and regulations including the access requirements of Title 24 California Code of Regulations, formerly known as the California Administrative Code. This answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein

11. Responding to Paragraph 13 of the Complaint, this answering Defendant denies that the accessible parking spaces provided for the Restaurant did not provide an access aisle that was in substantial compliance with current applicable law. Defendant further states that he had, prior to the events alleged herein, obtained a proposal and was negotiating a contract to resurface and restripe the parking facilities at the Restaurant to include required access in full compliance with current applicable law. Defendant denies that the men's restroom as the Restaurant is inaccessible to people in wheelchairs. This answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

12. Responding to Paragraph 14 of the Complaint, this answering Defendant specifically denies that he failed to create accessible parking and restrooms, remove barriers or institute policies of accessibility at the Restaurant. This answering Defendant further states on information and belief that the Restaurant was in compliance or substantial compliance with applicable law including the ADA, the California Building Code, and applicable California and federal regulations. This answering Defendant is

without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and on that basis denies each and every remaining allegation contained therein.

13. Responding to Paragraphs 15, 16, 17 and 18 of the Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION

**Violation of the Americans with Disabilities Act of 1990**
**42 UCS §§ 12101 et seq.**

14. Responding to Paragraph 19 of the Complaint, this answering Defendant hereby incorporates by reference his Answer to Paragraphs 1 through 18 of the First Cause of Action.

15. Responding to Paragraph 20 of the Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained therein.

16. Responding to Paragraph 21 of the Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained therein, except that this answering Defendant is informed and believes that the stated reference to 42 USC §12101(b) does include the quoted language contained in Paragraph 21, page 7, lines 21 through page 8, line 6 of the Complaint.

17. Responding to Paragraphs 22, 23 and 24 of the Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained therein.

18. Responding to Paragraph 25 of the Complaint, this answering Defendant

**ANSWER OF JOSEPH MESSINA**
6

specifically denies that the Restaurant was not accessible. This answering Defendant denies on information and belief the remaining allegations set forth therein.

19. Responding to Paragraphs 26 and 27 of the Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained therein.

20. In answer to the relief requested in the Prayer of Plaintiff's Complaint, Defendant denies Plaintiff is entitled to any relief sought.

PREMISES CONSIDERED, WHEREFORE, this answering Defendant prays that Plaintiff take nothing by reason of this suit, that Plaintiff's suit be dismissed on the merits with prejudice, judgment be entered herein for Defendant and against Plaintiff, for costs of suit and for such other and further relief, legal or equitable, special or general, as this Court deems proper.

DATED: September 7, 2007

Respectfully submitted,

FAVARO, LAVEZZO, GILL, CARETTI & HEPPELL, P.C.

By: /s/ JUDITH L. CARLISLE
JUDITH L. CARLISLE, Attorneys for Defendant, JOSEPH MESSINA, individually and as Trustee of the Messina Trust

//

G:\SHARED\Louis\Messina, J\ADA Matter\Pleadings\Messina Answer 8 07.doc

**ANSWER OF JOSEPH MESSINA**

*In re: <u>Michael Fernandes v. Joseph Messina</u>*
**U.S. Federal Case No. C 07-3513 EDL**

### PROOF OF SERVICE

I, Jackie Morris, declare that:

I am employed in the County of Solano, State of California and am over the age of eighteen years. My business address is 300 A Tuolumne Street, Vallejo, California 94590.

On the date below, I served a copy of the following documents:

***ANSWER OF JOSEPH MESSINA***

on the parties to this action by placing a true copy thereof in a sealed envelope, addressed as follows:

>Thomas N. Stewart, III
>Attorney at Law
>369 Blue Oak Lane, Second Floor
>Clayton, CA 94517

X  **(BY MAIL)** I placed each such sealed envelope with postage thereon fully prepaid for first-class mail, for collection and mailing at Vallejo, California, following ordinary business practices. I am readily familiar with my business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and correspondence is deposited daily with the United States Postal Service in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 7, 2007, at Vallejo, California.

>*/s/ Jackie Morris*
>Jackie Morris

G:\SHARED\Louis\Messina, J\ADA Matter\Pleadings\Messina Answer 8 07.doc

**ANSWER OF JOSEPH MESSINA**
8